IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ALDI, INC., an Illinois corporation, and JOHANNA FOODS, INC., a New Jersey corporation,<br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Coca-Cola Company ("TCCC") alleges as follows:

1. This action arises from Defendants' recent launch of product packaging that is likely to deceive and confuse consumers and dilute the distinctive quality of TCCC's well-known and unique product packaging for its "Simply" family of juice products. By imitating the Simply brand's iconic container and oversized green closure, Defendants are infringing TCCC's federal trade dress rights and design patents, and violating Georgia state anti-dilution law. TCCC seeks injunctive relief and damages as set forth below.

## I. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the federal law claims in this action pursuant to the provisions of 35 U.S.C. §271 et. seq., 15 U.S.C. §1501 et. seq., and 28 U.S.C. § §1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400 because Defendants reside, or have infringed the design patents at issue, in this judicial district,

and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

4. This Court has personal jurisdiction over Defendants because Defendants have advertised, marketed, offered to sell, and sold their products to customers and potential customers in this Judicial District, have transacted business within this Judicial District, have committed tortious acts in this Judicial District, and regularly conduct or solicit business and derive substantial revenue from goods used or consumed in this Judicial District. In particular, Defendant Aldi's "Nature's Nectar" product is, on information and belief, supplied by Defendant Johanna with knowledge that said product is sold by Defendant Aldi in this Judicial District. In addition, this Court has personal jurisdiction over Defendants in this Judicial District under Georgia's applicable Long Arm Statute, Ga. Code Ann. § 9-10-91.

## II. THE PARTIES

5. The Coca-Cola Company ("TCCC") is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at One Coca-Cola Plaza, Atlanta, Georgia.

6. TCCC is informed and believes that Defendant Aldi, Inc. ("Aldi") is a corporation duly organized and existing under the law of the State of Illinois, and owns and operates Aldi stores throughout the United States, including in Georgia and in this district.

7. TCCC is informed and believes that Defendant Johanna Foods, Inc. ("Johanna") is a corporation duly organized and existing under the laws of the State of New Jersey, and manufactures and sells food products to retailers throughout the United States, including but not limited to Aldi for its stores located in this district.

## III. TCCC'S "SIMPLY" FAMILY OF JUICE PRODUCTS

8. In 2001, TCCC introduced a not-from-concentrate 100% orange juice under the brand name Simply Orange®. Since then, TCCC has expanded its "Simply" family of one hundred percent juice products to include Simply Grapefruit®, Simply Apple®, Simply Orange® blends and varieties, as well as Simply Lemonade®, Simply Lemonade® with

raspberry, and Simply Limeade® juice drinks ("the Simply Family"). These products are sold throughout the United States in refrigerator section of grocery stores and other retail outlets, and are packaged in unique carafe style 59 oz. clear plastic bottles with any eye catching, highly identifiable, oversized green closure as shown in the attached Exhibit "A" ("the Simply Trade Dress"). Elements of the Simply Trade Dress are also used in other size packages for the Simply Family, as shown in the attached Exhibit "B."

9. The Simply Trade Dress is inherently distinctive and non-functional, and the first of its kind for juice products sold in the refrigerator section of the grocery store. TCCC has spent over $100 million in direct marketing for its Simply Family juice products. As a result of TCCC's wide-spread sales and marketing efforts, The Simply Trade Dress is well-recognized by consumers, and has acquired secondary meaning as an indicator of origin for TCCC's Simply Family of juice products. The Simply Trade Dress has come to represent and symbolize the outstanding quality of TCCC's products and enjoys substantial goodwill among the public.

10. This new and original bottle design has been awarded several United States Design Patents, including United States Patent No. D456,272 S ("the '272 Patent"), which was duly and lawfully issued by the United States Patent and Trademark Office and assigned to TCCC on April 30, 2002, and United States Patent No. D458,146 S ("the '146 Patent"), which was duly and lawfully issued by the United States Patent and Trademark Office and assigned to TCCC on June 4, 2002. TCCC has remained the owner of the '272 and '146 Patents since the dates of their issuance, and these patents remain in full force and effect. Attached hereto as Exhibits "C" and "D" are true and correct copies of the '272 and '146 Patents.

11. The Simply Family of products have, at least in part because of their highly distinctive design and the Simply Trade Dress, enjoyed immense commercial success. As a result, imitators of the Simply Trade Dress have been rampant. In order to protect its intellectual property, TCCC has regularly enforced its rights in the Simply Trade Dress and design patents against competitors who attempt to use confusingly similar carafe style containers with oversized closures for juice products, including containers substantially identical to those now being

marketed and sold by the Defendants in this Action. These enforcement efforts have resulted in such competitors ceasing use and sale of their infringing designs and changing their designs. TCCC's policing efforts are necessary to insure that its Simply Trade Dress remains unique and highly distinctive and not copied and diluted by competitors.

12. TCCC is informed and believes that Johanna was aware of TCCC's enforcement efforts as early as August 2007.

## IV. DEFENDANTS' NEARLY IDENTICAL BOTTLE

13. TCCC is informed and believes that Defendant Aldi recently began offering for sale at Aldi Stores throughout the United States, including in this district, and other states including Texas, various juice products, which include at least orange juice and lemonade, in a 59 oz. clear plastic bottle with oversized closures, including in the color green ("the Aldi Juice Products"). The Aldi Juice Products are currently merchandized in the refrigerated section of Aldi stores in boxes that obscure a substantial portion of the base of the bottles and the labels that say "Nature's Nectar." Attached hereto as Exhibits "E", "F" and "G" are true and correct copies of photographs of samples of the Aldi Juice Products and the box in which they are currently sold in the refrigerated section of Aldi stores in Georgia and Texas. TCCC is informed and believes that Aldi has at all times offered the Aldi Juice Products for sale with prior knowledge and the intent to trade upon the goodwill of the Simply Trade Dress.

14. TCCC is informed and believes that the Aldi Juice Products have at all times been produced and packaged and sold to Aldi by defendant Johanna. TCCC is informed and believes that Johanna has supplied the bottle used for the Aldi Juice Products ("the Johanna Bottle") with prior knowledge and the intent to trade upon the goodwill of the Simply Trade Dress, and with prior knowledge of the '272 and '146 Patents. TCCC is informed and believes that Johanna began selling the Johanna Bottle to Aldi sometime after December 3, 2009, when TCCC inquired of Johanna regarding the Johanna bottle and Johanna denied that it was making any use of it. Attached hereto as Exhibits "H" – "M" are true and correct copies of correspondence between TCCC's counsel, Johanna's counsel, and Aldi's counsel regarding this matter.

15. TCCC is informed and believes that Johanna is imminently planning on using and/or has already used the Johanna Bottle or a substantially similar product packaging for other juice products manufactured and offered for sale by Johanna throughout the United States, including but not limited to its "Tree Ripe" brand of juice products ("Tree Ripe Products"). Attached hereto as Exhibit "N" is a true and correct copy of a photograph of Tree Ripe Products that TCCC is informed and believes were produced and packaged by Johanna in the Johanna Bottle.

16. TCCC is informed and believes that the Aldi Juice and Tree Ripe Products in the Johanna Bottle are sold and/or will be soon sold in the same marketing channels and to the same types of consumers as the Simply Family of juice products.

17. Defendants' advertising and sale of the Aldi Juice Products, Tree Ripe Products, and any other products using the Johanna Bottle, is likely to cause confusion, cause mistake, and/or to deceive customers and potential customers that such products originate from the same maker of the Simply Family of products, or that such products are affiliated with, sold with the permission of, or approved, sponsored, or licensed by the maker of the Simply Family of products.

18. Defendants' use of the Johanna Bottle trades on the goodwill TCCC has established in the Simply Trade Dress, and places the valuable reputation of the Simply Family of products in the hands of third parties over whom TCCC has no control, and unjustly enriches Defendants.

19. On September 21, 2010, Johanna filed a declaratory judgment action against TCCC in United States District Court for the District of New Jersey, Case No.10-cv-4844 ("New Jersey Action"). On information and belief, Johanna filed the New Jersey Action in anticipation of TCCC's imminent filing of this lawsuit. In the interests of judicial economy, TCCC will be moving to dismiss the New Jersey lawsuit as an improper use of the Declaratory Judgment Act, or in the alternative, to transfer the New Jersey Action to this District.

-5-
THE COCA-COLA COMPANY v. ALDI, INC., ET AL.
DM_US:23468708_1

## FIRST CAUSE OF ACTION
## TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C. § 1125)

20. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19 above.

21. Defendants' conduct described above constitutes false designation of origin and trademark infringement of TCCC's rights in the Simply Trade Dress and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

22. TCCC is informed and believes that Defendants' infringement of the Simply Trade Dress has been willful.

23. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## SECOND CAUSE OF ACTION
## INFRINGEMENT OF '272 PATENT
## (35 U.S.C. §271)

24. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19 above.

25. Through the conduct described above, Defendants have infringed and continue to infringe the '272 Patent by making, using, selling and/or offering for sale the Johanna Bottle.

26. TCCC is informed and believes that Defendants' infringement of the '272 Patent has been willful.

27. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## THIRD CAUSE OF ACTION
## INFRINGEMENT OF '146 PATENT
## (35 U.S.C. §271)

28. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19 above.

29. Through the conduct described above, Defendants have infringed and continue to infringe the '146 Patent by making, using, selling and/or offering for sale the Johanna Bottle.

30. TCCC is informed and believes that Defendants' infringement of the '146 Patent has been willful.

31. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## FOURTH CAUSE OF ACTION
## GEORGIA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

32. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19 above.

33. Defendants' acts described above constitute deceptive and unfair trade practices in violation of Georgia Code § 10-1-372 in that they are likely to cause consumers to believe that Defendants' products originate from the same source as, or are sponsored or approved by the maker of the Simply Family of juice products, or that there is an association, affiliation or connection between the maker of Defendants' products and maker of the Simply Family of juice products.

34. TCCC is informed and believes that Defendants' actions are with knowledge of the Simply Trade Dress and with the intent to cause confusion and/or trade on TCCC's reputation and goodwill, and with fraud, malice or reckless disregard of the consequences of their actions.

35. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## FIFTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

36. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19.

37. Defendants' acts described above constitute unfair competition under Georgia common law in that they are likely to cause consumers to believe that Defendants' products originate from the same source as, or are sponsored or approved by the maker of the Simply Family of juice products, or that there is an association, affiliation or connection between Defendants and the maker of the Simply Family of juice products.

38. TCCC is informed and believes that Defendants' actions are with knowledge of the Simply Trade Dress and with the intent to cause confusion and/or trade on TCCC's reputation and goodwill.

39. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## SIXTH CAUSE OF ACTION
## VIOLATION OF GEORGIA ANTI-DILUTION LAW

40. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19 above.

41. Defendants' conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of O.C.G.A. § 10-1-451(b).

42. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF TEXAS ANTI-DILUTION LAW

43. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 19 above.

44. Defendants' conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of Tex. Bus. & Com. Code § 16.29.

45. TCCC is informed and believes that Defendants' violation of the Texas Anti-Dilution Statute has been willful.

46. TCCC has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

WHEREFORE, TCCC prays for entry of an order and judgment that:

1. Defendants have infringed the '272 and '146 Patents in violation of 35 U.S.C. §271;

2. Defendants have infringed the Simply Trade Dress in violation of 15 U.S.C §1125;

3. Defendants are in violation of the state anti-dilution laws at O.C.G.A. § 10-1-451 and Tex. Bus. & Com. Code § 16.29;

4. Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from further acts that infringe TCCC's rights in the '272

and '146 Patents by, among other things, using the Johanna Bottle or any other bottle that infringes the '272 and '146 Patents;

5. Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from infringing or contributing to the infringement of the Simply Trade Dress by, among other things, supplying or using the Johanna Bottle or any other bottle that is likely to cause confusion as to whether Defendants' products originate from the same source as the Simply Family of juice products, or as to an association, affiliation or connection between Defendants and the maker of the Simply Family of juice products;

6. Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from using the Johanna Bottle or any other bottle that is likely to dilute the distinctive quality of the Simply Trade Dress;

7. Defendants, pursuant to 15 U.S.C. § 1116(a), shall file with this Court and serve upon TCCC within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

8. Defendants, pursuant to 15 U.S.C. § 1118, shall deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all products, tooling, molds, displays, promotional items or other matter in the possession, custody or control of Defendants embodying or bearing the Johanna Bottle;

9. TCCC be awarded Defendants' gross profits derived from their infringing acts pursuant to 35 U.S.C. § 289 and 15 U.S.C. § 1117;

10. TCCC be awarded damages to compensate TCCC for Defendants' infringing acts pursuant to 35 U.S.C. §284 and 15 U.S.C. § 1117, increased up to three times as provided by applicable law;

11. TCCC be awarded punitive damages pursuant to Georgia Code § 51-12-5.1;

12. TCCC be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117 and Georgia Code § 10-1-372; and,

13. A judgment granting TCCC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: September 24, 2010

Respectfully submitted,

/s/ Jeffrey E. Tompkins
JEFFREY E. TOMPKINS
Georgia Bar No. 714608
BRIANNA E. WILLIAMS
Georgia Bar No. 226344
355 Main Street
Atlanta, GA 30337
(404) 688-4503

and

ROBERT N. PHILLIPS
California Bar No.: 120970
phillipsr@howrey.com
SETH HERRING
California Bar No.: 253907
herrings@howrey.com
HOWREY LLP
525 Market Street, Ste. 3600
San Francisco, California 94105
(415) 848-4940- telephone
(415) 848-4999- facsimile

**Attorneys for Plaintiff
THE COCA-COLA COMPANY**