IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, a Delaware corporation, <br><br>Plaintiff,<br><br>vs.<br><br>JOHANNA FOODS, INC., a New Jersey corporation,<br><br>Defendant. | Case No. 1:10-cv-03081 CAP<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

Plaintiff The Coca-Cola Company ("TCCC") alleges as follows:

1. This action arises from Defendant's recent launch of product packaging that is likely to deceive and confuse consumers and dilute the distinctive quality of TCCC's well-known and unique product packaging for its "Simply" family of juice products. By imitating the Simply brand's iconic container and oversized green closure, Defendant is infringing TCCC's federal trade dress rights and design patents, and violating Georgia state anti-dilution law. TCCC seeks injunctive relief and damages as set forth below.

**I. JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the federal law claims in this action pursuant to the provisions of 35 U.S.C. §271 et. seq., 15 U.S.C. §1501 et. seq., and 28 U.S.C. §§1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part

of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400 because Defendant resides, or has infringed the design patents at issue, in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

4. This Court has personal jurisdiction over Defendant because Defendant has advertised, marketed, offered to sell, and sold its products to customers and potential customers in this Judicial District, has transacted business within this Judicial District, has committed tortious acts in this Judicial District, and regularly conducts or solicits business and derives substantial revenue from goods used or consumed in this Judicial District. In particular, former defendant Aldi, Inc's ("Aldi") "Nature's Nectar" product is, on information and belief, supplied by Defendant Johanna with knowledge that said product is sold by former Defendant Aldi in this Judicial District. In addition, this Court has personal jurisdiction over Defendant in this Judicial District under Georgia's applicable Long Arm Statute, Ga. Code Ann. § 9-10-91.

## II. THE PARTIES

5. The Coca-Cola Company ("TCCC") is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at One Coca-Cola Plaza, Atlanta, Georgia.

6. TCCC is informed and believes that Defendant Johanna Foods, Inc. ("Johanna") is a corporation duly organized and existing under the laws of the State of New Jersey, and manufactures and sells food products to retailers throughout the United States, including but not limited to Aldi for its stores located in this district.

## III. TCCC'S "SIMPLY" FAMILY OF JUICE PRODUCTS

7. In 2001, TCCC introduced a not-from-concentrate 100% orange juice under the brand name Simply Orange®. Since then, TCCC has expanded its "Simply" family of one hundred percent juice products to include Simply Grapefruit®, Simply Apple®, Simply Orange® blends and varieties, as well as Simply Lemonade®, Simply Lemonade® with raspberry, and Simply Limeade® juice drinks ("the Simply Family"). These products are sold throughout the United States in refrigerator section of grocery stores and other retail outlets, and are packaged in unique carafe style 59 oz. clear plastic bottles with any eye catching, highly identifiable, oversized green closure as shown in the attached Exhibit "A" ("the Simply Trade Dress"). Elements of the Simply Trade Dress are also used in other size packages for the Simply Family, as shown in the attached Exhibit "B."

8. The Simply Trade Dress is inherently distinctive and non-functional, and the first of its kind for juice products sold in the refrigerator section of the grocery store. TCCC has spent over $100 million in direct marketing for its Simply Family juice products. As a result of TCCC's wide-spread sales and marketing efforts, The Simply Trade Dress is well-recognized by consumers, and has acquired secondary meaning as an indicator of origin for TCCC's Simply Family of juice products. The Simply Trade Dress has come to represent and symbolize the outstanding quality of TCCC's products and enjoys substantial goodwill among the public.

9. This new and original bottle design has been awarded several United States Design Patents, including United States Patent No. D456,272 S ("the '272 Patent"), which was duly and lawfully issued by the United States Patent and Trademark Office and assigned to TCCC on April 30, 2002, and United States Patent No. D458,146 S ("the '146 Patent"), which was duly and lawfully issued by the United States Patent and Trademark Office and assigned to TCCC on June 4,

2002.  TCCC has remained the owner of the '272 and '146 Patents since the dates of their issuance, and these patents remain in full force and effect.  Attached hereto as Exhibits "C" and "D" are true and correct copies of the '272 and '146 Patents.

10. The Simply Family of products have, at least in part because of their highly distinctive design and the Simply Trade Dress, enjoyed immense commercial success. As a result, imitators of the Simply Trade Dress have been rampant. In order to protect its intellectual property, TCCC has regularly enforced its rights in the Simply Trade Dress and design patents against competitors who attempt to use confusingly similar carafe style containers with oversized closures for juice products, including containers substantially identical to those now being marketed and sold by the Defendant in this Action.  These enforcement efforts have resulted in such competitors ceasing use and sale of their infringing designs and changing their designs.  TCCC's policing efforts are necessary to insure that its Simply Trade Dress remains unique and highly distinctive and not copied and diluted by competitors.

11. TCCC is informed and believes that Johanna was aware of TCCC's enforcement efforts as early as August 2007.

## IV.  DEFENDANT'S NEARLY IDENTICAL BOTTLE

12. TCCC is informed and believes that Aldi has offered for sale at Aldi Stores throughout the United States, including in this district, and other states including Texas and New York, various juice products, which include at least orange juice and lemonade, in a 59 oz. clear plastic bottle with oversized closures, including in the color green ("the Aldi Juice Products").  The Aldi Juice Products have been merchandized in the refrigerated section of Aldi stores in boxes that obscure a substantial portion of the base of the bottles and the labels that say "Nature's Nectar."  Attached hereto as Exhibits "E", "F" and "G" are true and correct copies of photographs of samples of the Aldi Juice Products and the box in

which they were sold in the refrigerated section of Aldi stores in Georgia and Texas.

13.     TCCC is informed and believes that the Aldi Juice Products have at all times been produced and packaged and sold to Aldi by defendant Johanna. TCCC is informed and believes that Johanna has supplied the bottle used for the Aldi Juice Products ("the Johanna Bottle") with prior knowledge and the intent to trade upon the goodwill of the Simply Trade Dress, and with prior knowledge of the '272 and '146 Patents.  TCCC is informed and believes that Johanna began selling the Johanna Bottle to Aldi sometime after December 3, 2009, when TCCC inquired of Johanna regarding the Johanna bottle and Johanna denied that it was making any use of it.  Attached hereto as Exhibits "H" – "M" are true and correct copies of correspondence between TCCC's counsel, Johanna's counsel, and Aldi's counsel regarding this matter.

14.     TCCC is informed and believes that Johanna also recently began using the Johanna Bottle or a substantially similar product packaging for juice products manufactured and offered for sale by Johanna throughout the United States, including but not limited to its "Tree Ripe" brand of juice products ("Tree Ripe Products").  TCCC is further informed and believes that Tree Ripe Products packaged in the Johanna Bottle include a not-from-concentrate 100% orange juice. Attached hereto as Exhibit "N" are true and correct copies of photographs of Tree Ripe Products that TCCC is informed and believes were produced, packaged, and sold by Johanna in the Johanna Bottle.

15.     TCCC is informed and believes that the Aldi Juice and Tree Ripe Products in the Johanna Bottle are sold and/or will be soon sold in the same marketing channels and to the same types of consumers as the Simply Family of juice products.

-5-
DM_US:23697959_1

16. Defendant's advertising and sale of Tree Ripe Products, and any other products using the Johanna Bottle, is likely to cause confusion, cause mistake, and/or to deceive customers and potential customers that such products originate from the same maker of the Simply Family of products, or that such products are affiliated with, sold with the permission of, or approved, sponsored, or licensed by the maker of the Simply Family of products.

17. Defendant's use of the Johanna Bottle trades on the goodwill TCCC has established in the Simply Trade Dress, and places the valuable reputation of the Simply Family of products in the hands of third parties over whom TCCC has no control, and unjustly enriches Johanna.

**FIRST CAUSE OF ACTION**
**TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125)**

18. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

19. Defendant's conduct described above constitutes false designation of origin and trademark infringement of TCCC's rights in the Simply Trade Dress and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

20. TCCC is informed and believes that Defendant's infringement of the Simply Trade Dress has been willful.

21. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

DM_US:23697959_1

## SECOND CAUSE OF ACTION
## INFRINGEMENT OF '272 PATENT
## (35 U.S.C. §271)

22. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

23. Through the conduct described above, Defendant has infringed and continues to infringe the '272 Patent by making, using, selling and/or offering for sale the Johanna Bottle.

24. TCCC is informed and believes that Defendant's infringement of the '272 Patent has been willful.

25. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## THIRD CAUSE OF ACTION
## INFRINGEMENT OF '146 PATENT
## (35 U.S.C. §271)

26. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

27. Through the conduct described above, Defendant has infringed and continues to infringe the '146 Patent by making, using, selling and/or offering for sale the Johanna Bottle.

28. TCCC is informed and believes that Defendant's infringement of the '146 Patent has been willful.

29. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## FOURTH CAUSE OF ACTION
## GEORGIA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

30. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

31. Defendant's acts described above constitute deceptive and unfair trade practices in violation of Georgia Code § 10-1-372 in that they are likely to cause consumers to believe that Defendant's products originate from the same source as, or are sponsored or approved by the maker of the Simply Family of juice products, or that there is an association, affiliation or connection between the maker of Defendant's products and maker of the Simply Family of juice products.

32. TCCC is informed and believes that Defendant's actions are with knowledge of the Simply Trade Dress and with the intent to cause confusion and/or trade on TCCC's reputation and goodwill, and with fraud, malice or reckless disregard of the consequences of their actions.

33. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## FIFTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

34. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17.

35. Defendant's acts described above constitute unfair competition under Georgia common law in that they are likely to cause consumers to believe that Defendant's products originate from the same source as, or are sponsored or approved by the maker of the Simply Family of juice products, or that there is an association, affiliation or connection between Defendant and the maker of the Simply Family of juice products.

36. TCCC is informed and believes that Defendant's actions are with knowledge of the Simply Trade Dress and with the intent to cause confusion and/or trade on TCCC's reputation and goodwill.

37. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## SIXTH CAUSE OF ACTION
## VIOLATION OF GEORGIA ANTI-DILUTION LAW

38. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

39. Defendant's conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of O.C.G.A. § 10-1-451(b).

40. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF TEXAS ANTI-DILUTION LAW

41. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

42. Defendant's conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of Tex. Bus. & Com. Code § 16.29.

43. TCCC is informed and believes that Defendant's violation of the Texas Anti-Dilution Statute has been willful.

DM_US:23697959_1

44. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF NEW YORK ANTI-DILUTION LAW

45. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

46. Defendant's conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of N.Y. Gen. Bus. Law § 360-l.

47. TCCC is informed and believes that Defendant's violation of the New York Anti-Dilution Statute has been willful.

48. TCCC has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

WHEREFORE, TCCC prays for entry of an order and judgment that:

1. Defendant has infringed the '272 and '146 Patents in violation of 35 U.S.C. §271;

2. Defendant has infringed the Simply Trade Dress in violation of 15 U.S.C §1125;

3. Defendant is in violation of the state anti-dilution laws at O.C.G.A. § 10-1-451; Tex. Bus. & Com. Code § 16.29; and N.Y. Gen. Bus. Law § 360-l;

4. Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from further acts that infringe TCCC's rights in the '272 and '146 Patents by, among other things, using the Johanna Bottle or any other bottle that infringes the '272 and '146 Patents;

5. Defendants and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from infringing or contributing to the infringement of the Simply Trade Dress by, among other things, supplying or using the Johanna Bottle or any other bottle that is likely to cause confusion as to whether Defendant's products originate from the same source as the Simply Family of juice products, or as to an association, affiliation or connection between Defendant and the maker of the Simply Family of juice products;

6. Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from using the Johanna Bottle or any other bottle that is likely to dilute the distinctive quality of the Simply Trade Dress;

7. Defendant, pursuant to 15 U.S.C. § 1116(a), shall file with this Court and serve upon TCCC within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

8. Defendant, pursuant to 15 U.S.C. § 1118, shall deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all products, tooling, molds, displays, promotional items or other matter in the possession, custody or control of Defendant embodying or bearing the Johanna Bottle;

9. TCCC be awarded Defendant's gross profits derived from its infringing acts pursuant to 35 U.S.C. § 289 and 15 U.S.C. § 1117;

10. TCCC be awarded damages to compensate TCCC for Defendant's infringing acts pursuant to 35 U.S.C. §284 and 15 U.S.C. § 1117, increased up to three times as provided by applicable law;

11. TCCC be awarded punitive damages pursuant to Georgia Code § 51-12-5.1;

12. TCCC be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117 and Georgia Code § 10-1-372; and,

13. A judgment granting TCCC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: August 17, 2011

Respectfully admitted,

By: */s/ Robert N. Phillips*
Robert N. Phillips
(California Bar No. 120970)
Admitted *Pro Hac Vice*
robphillips@reedsmith.com
Seth B. Herring
(California Bar No. 253907)
Admitted *Pro Hac Vice*
sherring@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Jeffrey E. Tompkins
(Georgia Bar No. 714608)
j.tompkins@tkstlaw.com
Shukura L. Ingram
(Georgia Bar No. 383498)
s.ingram@tkstlaw.com
THOMAS KENNEDY SAMPSON
 & TOMPKINS LLP
3355 Main Street
Atlanta, GA 30337
Telephone: (404) 688-4503
Facsimile: (404) 684-9515
***Attorneys for Plaintiff***
***THE COCA-COLA COMPANY***

# CERTIFICATE OF SERVICE

I certify that on August 17, 2011, I electronically filed the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

James M. Wodarski
wodarskj@pepperlaw.com
Matthew D. Durell
durellm@pepperlaw.com
PEPPER HAMILTON, LLP
125 High Street, 15th Floor
Oliver Street Tower
Boston, Massachusetts 02110

Eric G. Maurer
eric.maurer@tkhr.com
THOMAS KAYDEN
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339-5029


/s/ *Robert N Phillips*   _
Robert N. Phillips